UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY E. BONTEMPS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>D. PONGYAN, et al.,<br><br>　　　　Defendants. | No. 2:18-cv-3004 KJN P<br><br><br>ORDER |

　　　　Plaintiff is a state prisoner, proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and seeks leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

　　　　On January 14, 2014, in 2:12-cv-2250 WBS AC P, plaintiff was deemed to have "struck out" pursuant to 28 U.S.C. § 1915(g).[1] Judgment was final in that case well before this case was

---

[1] Title 28 U.S.C. § 1915(g) reads as follows:

> In no event shall a prisoner bring a civil action . . . [in forma pauperis] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Id.

1

1 | filed on November 19, 2018.  Furthermore, after 2:12-cv-2250 WBS AC P was commenced on
2 | August 30, 2012, and before this action was commenced, plaintiff had additional cases dismissed
3 | for failure to state a claim upon which relief can be granted,[2] and those cases count as "strikes"
4 | under § 1915(g) as well.[3]

Therefore, plaintiff is precluded from proceeding in forma pauperis in this action unless plaintiff is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).  Plaintiff has not alleged any facts which suggest that he is under imminent danger of serious physical injury.  Thus, plaintiff must submit the appropriate filing fee in order to proceed with this action.

In accordance with the above, IT IS HEREBY ORDERED that plaintiff shall submit, within twenty-one days from the date of this order, the appropriate filing fee.  Plaintiff's failure to comply with this order will result in a recommendation that this action be dismissed.

Dated:  December 6, 2018

/bont3004.1915g

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

---

[2] Bontemps v. Aquino, No. 2:12-cv-2406 EFB P (E.D. Cal. July 9, 2013); Bontemps v. Turner, No. 2:12-cv-3053 JAM EFB P (E.D. Cal. March 19, 2013) (dismissed because the pleadings demonstrated plaintiff failed to exhaust administrative remedies prior to filing suit which amounts to a dismissal for failure to state a claim upon which relief can be granted, see Albino v. Baca, 747 F.3d 1162, 1169 (9th Cir. 2014)); Bontemps v. Romero, No. 2:13-cv-00614 EFB P (E.D. Cal. August 13, 2013); Bontemps v. People of the State of Cal., No. 2:16-cv-2993 AC (E.D. Cal. Sept. 1, 2017).

[3] In addition, in subsequent cases, judges have revoked or denied plaintiff's in forma pauperis status because plaintiff has sustained three strikes under § 1915(g).  Bontemps v. Perez, No. 1:16-cv-1220 LJO EPG (E.D. Cal. Apr. 20, 2018) (revoked); Bontemps v. Hicks, No. 1:16-cv-1854 DAD EPG (E.D. Cal. Apr. 25, 2018) (denied); Bontemps v. Lawaya, No. 2:16-cv-2424 CKD (E.D. Cal. Apr. 10, 2017) (denied); Bontemps v. Baker, No. 2:16-cv-2814 MCE DMC (E.D. Cal. Aug. 28, 2018) (denied); Bontemps v. Arya, No. 2:17-cv-0993 JAM DB (E.D. Cal. June 26, 2018); Bontemps v. Lebeck, No. 2:17-cv-1190 KJM DB (E.D. Cal. June 16, 2017) (denied); Bontemps v. Sahota, No. 2:17-1685 KJM CKD (E.D. Cal. Sept. 1, 2017) (denied); Bontemps v. Lebeck, No. 2:17-cv-2406 MCE DB (E.D. Cal. Jan. 25, 2018) (denied).